# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| PREMIERE INNOVATIONS, INC., | CASE NO. 07cv1083 BTM(BLM) |
|---|---|
| Plaintiff, | **ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS AND DENYING MOTION TO STRIKE** |
| v. | |
| IWAS INDUSTRIES, LLC, et al., | |
| Defendants. | |

Defendants IWAS Industries, LLC ("IWAS") and Donald Wayne Hitt ("Hitt") (collectively "Defendants") have filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and a motion to strike pursuant to Fed. R. Civ. P. 12(f). For the reasons discussed below, the motion to dismiss is **GRANTED IN PART AND DENIED IN PART**, and the motion to strike is **DENIED**.

## I. BACKGROUND

This action was removed from state court on June 13, 2007. The following factual allegations are taken from the Complaint.

Plaintiff Premiere Innovations, Inc. ("Plaintiff") produces consumer products and novelty items, including a small light that can be attached to one's finger ("Finger Light"). (Compl. ¶ 9.) On or about May 3, 2005, Plaintiff and IWAS entered into a written Distribution

Agreement for the distribution of Plaintiff's products. (Id.)[1] Among other things, the Distribution Agreement provided that the Distributor "shall not, at any time while this Agreement is in effect, distribute, sell, market, or aid in, or cause the distribution, sale or marketing of any items, products or services that are competitive with the Products within the territory." (Id.) The Distribution Agreement also included a provision whereby IWAS agreed to keep confidential any items marked "Confidential," all intellectual property and documentation related to Plaintiff's products, the terms and pricing under the Agreement, and business and financial information designated as confidential. (Id.)

Plaintiff and Defendants introduced Plaintiff's products to Wal-Mart, ACE Hardware, and other retailers, and were able to establish a market for the products with these retailers. (Compl. ¶ 10.) However, in late summer or early autumn of 2006, Defendants stopped providing Plaintiff's products to the aforementioned retailers and started providing the retailers with competing products similar in design and pricing to Plaintiff's products. (Id.) Plaintiff is informed and believes that Plaintiff's product design, pricing, and other confidential information was used by Defendants and disclosed to third parties to develop, manufacture, and market the competing products. (Id.)

Plaintiff claims that it has suffered damages in the form of lost profits, goodwill, competitive business advantage, head-start in the market, and business relationships. (Compl. ¶ 11.) Plaintiff also claims that it has suffered damage to its business and product reputation and has incurred expenses in its efforts to remedy the effects of Defendants' unlawful conduct. (Id.)

Plaintiff asserts the following causes of action: (1) breach of written contract; (2) breach of the implied covenant of good faith and fair dealing; (3) fraud/false promise; (4) intentional interference with prospective economic relations; (5) negligent interference with prospective economic relations; (6) breach of fiduciary duty; (7) misappropriation of trade secrets under the Uniform Trade Secrets Act; (8) common law misappropriation of Trade

---

[1] Plaintiff alleges that Hitt, individually and doing business as Hitt Enterprises, Inc., dominated and/or controlled IWAS at all relevant times. (Compl. ¶ 5.)

Secrets; (9) money had and received; (10) conversion; and (11) unfair competition.

## II. DISCUSSION

A. Motion to Dismiss

Defendants move to dismiss the second through eleventh causes of action on the ground that Plaintiff's claim against Defendants is nothing more than a contract claim. Relying on Freeman & Mills, Inc. v. Belcher Oil Co., 11 Cal. 4th 85 (1995), Defendants argue that tort liability may not attach for breach of contract absent a "special relationship." However, Defendants overlook the principle that tort recovery for breach of contract is permissible where there is a violation of "an independent duty arising from principles of tort law." Id. at 102 (quoting Applied Equipment Corp. v. Litton Saud Arabia Ltd., 7 Cal. 4th 503, 515 (1994)).  As discussed below, for the most part, Plaintiff's tort claims are supported by allegations establishing the violation of an independent legal duty.

Defendants move to dismiss Plaintiff's second cause of action for breach of the covenant of the good faith and fair dealing on the ground that Plaintiff has not established a special relationship entitling it to tort recovery for any breach of contract. However, Plaintiff explains that it is not seeking tort damages in connection with this claim, but, rather, is pleading a contract claim. Therefore, Defendants' motion to dismiss this claim is denied.

Defendants seek to dismiss Plaintiff's fraud claim on the ground that it sounds in contract and lacks sufficient specificity. Although Defendants fail to discuss Fed. R. Civ. P. 9(b), the Court agrees that the fraud claim is not pled with sufficient particularity. In diversity cases, the substantive elements of fraud are determined by state law, but the complaint must conform with the requirements of Fed. R. Civ. P. 9(b). Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003).  Rule 9(b) states that "the circumstances constituting fraud or mistake shall be stated with particularity."

In cases of promissory fraud, although intent can be averred generally under Rule 9(b), a plaintiff must point to facts from which it can be inferred that the defendant harbored an intention not to perform the terms of the contract at formation. Hsu v. Oz Optics Ltd., 211

1  F.R.D. 615, 620 (N.D. Cal. 2002).  Bare allegations that the defendant had no intention of
2  carrying out promises or contractual terms at the time of formation are insufficient to satisfy
3  the particularity requirements of Rule 9(b).  Id.  See also Mat-Van, Inc. v. Sheldon Good &
4  Co. Auctions, No. 07cv912 IEG(BLM), 2007 WL 2206946 (S.D. Cal. July 27, 2007); Smith
5  v. Allstate Ins. Co., 160 F. Supp. 2d 1150, 1153-54 (S.D. Cal. 2001).

6  Here, Plaintiff alleges that it "is informed and believes and thereon alleges that
7  Defendants did not intend to perform these promises when they made them." (Compl. ¶ 20.)
8  However, Plaintiff does not allege any facts from which one can infer the lack of intention.
9  Therefore, the Court grants Defendants' motion to dismiss the fraud claim. However, the
10 Court grants Plaintiff leave to amend the claim.  In its opposition, Plaintiff explains that
11 Defendants' lack of intention to perform the contract is supported by evidence regarding the
12 timing of Defendants' disclosure of the design for an early version of the Finger Light to
13 competitor National Pen Corporation.  Plaintiff may amend its fraud claim to include these
14 factual allegations.

15 Defendants argue that Plaintiff's causes of action for intentional and negligent
16 interference with prospective economic relations must be dismissed because the alleged
17 future economic benefits are speculative.  Defendants also repeat their argument that these
18 claims do nothing more than restate the contract claim.  The Court is not persuaded by
19 Defendants' arguments.

20 The elements of an intentional interference with prospective economic advantage
21 claim are: (1) an economic relationship between the plaintiff and some third party, *with the*
22 *probability of future economic benefit* to the plaintiff; (2) the defendant's knowledge of the
23 relationship; (3) intentional acts on the part of the defendant designed to disrupt the
24 relationship; (4) actual disruption of the relationship; and (5) economic harm to the plaintiff
25 proximately caused by the acts of the defendants.  Korea Supply Co. v. Lockheed Martin
26 Corp., 29 Cal. 4th 1134, 1153 (2003).  With respect to the first element, Plaintiff alleges that
27 "Plaintiff and Wal-Mart, Ace Hardware, and other retailers, were in an economic relationship
28 that probably would have resulted in a continuing economic benefit to Plaintiff."  (Compl. ¶¶

28, 36.) Given Plaintiff's already existing relationship with these retailers (Compl. ¶ 10), Plaintiff has sufficiently alleged an economic relationship with the retailers with the probability of a future economic benefit.[2]

Defendants argue Plaintiff's breach of fiduciary claim fails because Plaintiff has not established the existence of any special relationship. However, Plaintiff claims that Defendants were acting as agents for Plaintiff for the purpose of marketing the products to certain retailers. (Compl. ¶ 45.) A fiduciary relationship "is a recognized legal relationship such as a guardian and ward, trustee and beneficiary, agent and principal, or attorney and client." Richelle L. v. Roman Catholic Archbishop, 106 Cal. App. 4th 257, 271 (2003). Whether a fiduciary relationship exists in any given case is a question of fact. Michelson v. Hamada, 29 Cal. App. 4th 1566 (1994).

Defendants point out that the Distribution Agreement includes a provision specifying that each party is an independent contractor and that "neither party shall have authority to act, or attempt to act, or represent itself, directly or by implication, as an agent of the other . . . or in any manner assume or create, or attempt to assume or create, any obligation on behalf of or in the name of the other, nor shall either be deemed the agent or employee of the other." Although this language seems to contradict Plaintiff's allegation that Defendants acted as an agent for Plaintiff, neither Plaintiff nor Defendants have briefed whether such a clause is always enforceable, regardless of subsequent actions or representations to the contrary. Therefore, the Court denies Defendants' motion to dismiss this claim. Defendants may challenge the existence of a fiduciary relationship in a motion for summary judgment.

Defendants challenge Plaintiff's claims for misappropriation of trade secrets on the ground that they do not identify the trade secrets with sufficient particularity. To state a claim

---

[2] The third element of the tort of intentional interference with prospective economic advantage requires that the defendant engage in an act that is wrongful apart from the interference itself. Della Penna v. Toyota Motor Sales, U.S.A., Inc., 11 Cal. 4th 376, 393 (1995). Plaintiff satisfies this requirement because, as discussed below, Plaintiff has sufficiently pled that Defendants misappropriated trade secrets and violated California's Unfair Competition Law. Thus, according to the allegations of the Complaint, Defendants breached legal duties arising out of tort law and state statute independent of Defendants' contractual obligations.

for misappropriation fo trade secrets under the Uniform Trade Secret Act, the plaintiff must allege (1) the existence of a trade secret; and (2) misappropriation of the trade secret. Diodes, Inc. v. Franzen, 260 Cal. App. 2d 244, 250 (1968).  The plaintiff "should describe the trade secret with sufficient particularity to separate it from matters of general knowledge in the trade or special knowledge of those persons who are skilled in the trade, and to permit the defendant to ascertain at least the boundaries within which the secret lies." Id. at 253. However, "[o]ne who seeks to protect his trade secrets from wrongful use or disclosure does not have to spell out the details for the trade secret to avoid a demurrer to a complaint." Id. at 252.  Plaintiff identifies the trade secrets as "the Products' design, manufacture, pricing, and market opportunity."  For purposes of notice pleading, Plaintiff's allegations of misappropriation of trade secrets are sufficiently specific.[3]

Finally, Defendants move to dismiss Plaintiff's claims for money had and received, conversion, and unfair competition on the ground that Plaintiff has failed to state a "special relationship" giving rise to tort liability.  However, as discussed above, Plaintiff has sufficiently alleged the violation of legal obligations independent of the contract.  Plaintiff's common counts and unfair competition claim are premised on Defendants' alleged tortious conduct. Therefore, Defendants' motion to dismiss these claims is denied.

B.    Motion to Strike

Defendants also move to strike Plaintiff's claims for punitive damages.  Defendants contend that punitive damages are not available for breach of contract.  Defendants further contend that the factual allegations lack the required specificity and fall short of establishing

---

[3] The Uniform trade Secrets Act provides that "before commencing discovery relating to the trade secret, the party alleging the misappropriation shall identify the trade secret with reasonable particularity subject to any orders that may be appropriate under Section 3426.5 of the Civil Code." Cal. Civ. Proc. Code § 2019.210 (formerly § 2019(d)).  Whether plaintiff is required to provide a statement prior to discovery identifying the trade secrets with greater specificity is not before the Court at this time. Compare Computer Economics, Inc. v. Gartner Group, Inc., 50 F. Supp. 2d 980 (S.D. Cal. 1999) (holding that plaintiff was required to comply with former § 2019(d)) with Funcat Leisure Craft, Inc. v. Johnson Outdoors, Inc., Civ. No. S-06-0533 GEB GGH, 2007 WL 273949 (E.D. Cal. Jan. 29, 2007) (holding that § 2019.210 is a procedural rule that is not applicable in federal court).

the type of conduct that justifies the imposition of punitive damages.

Under California law, a court may award punitive damages when a defendant "has been [found] guilty of oppression, fraud, or malice." Cal. Civ. Code § 3294. California courts have required plaintiffs seeking punitive damages to allege specific evidentiary facts to support allegations of malice, oppression, or fraudulent intent. See, e.g., Smith v. Superior Court, 10 Cal. App. 4th 1033 (1992); G.D. Searle & Co. v. Superior Court, 49 Cal. App. 3d 22 (1975).

However, Federal Rule of Civil Procedure 9(b) provides, "Malice, intent, knowledge, and other condition of mind of a person may be averred generally." Although Cal. Civ. Code § 3294 provides the governing substantive law for punitive damages, the Federal Rules of Civil Procedure govern the Court's determination regarding the adequacy of the pleadings. Clark v. Allstate Ins. Co., 106 F. Supp. 2d 1016, 1018 (S.D. Cal. 2000). Therefore, a plaintiff's prayer for relief may rest on unsupported and conclusory averments of malice or fraudulent intent. Id. at 1019. See also Clark v. State Farm Mutual Automobile Ins. Co., 231 F.R.D. 405 (C.D. Cal. 2005) (holding that bare allegations of oppression, fraud or malice were sufficient and denying motion to strike punitive damage allegations).

In connection with the fraud claim and misappropriation of trade secrets claims, Plaintiff generally alleges that Defendants' conduct was malicious, oppressive, and/or fraudulent. (Compl. ¶ 26, 59, 63.) These allegations are sufficient to support a prayer for punitive damages. Punitive damages are recoverable in cases of willful and malicious misappropriation of trade secrets and in cases where a party has been fraudulently induced to enter into a contract. Cal. Civil Code § 3426.3(c); Lazar v. Superior Court, 12 Cal. 4th 631, 638 (1996). Therefore, Defendant's motion to strike Plaintiff's prayer for punitive damages is denied.

## III. CONCLUSION

For the reasons discussed above, Defendants' motion to dismiss is **GRANTED IN PART AND DENIED IN PART**. Plaintiff's fraud claim is **DISMISSED**. However, the Court

grants Plaintiff leave to amend the claim.  The amended complaint must be filed within 20 days of the filing of this order.   Defendants' motion to strike is **DENIED**.

**IT IS SO ORDERED.**

DATED:  September 28, 2007

Honorable Barry Ted Moskowitz
United States District Judge