
# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PREMIERE INNOVATIONS, INC.,<br><br>                    Plaintiff,<br>vs.<br><br>IWAS INDUSTRIES, LLC, ET AL.,<br><br>                    Defendants. | CASE NO. 07cv1083 BTM(BLM)<br><br>**ORDER RE: ORDER TO SHOW CAUSE; ORDER VACATING HEARING AND DENYING MOTION FOR MONETARY SANCTIONS** |

In an order filed on April 1, 2009, the Court ordered Plaintiff to show cause why this case should not be dismissed for failure to retain new counsel and prosecute this action. The Court ordered that Plaintiff respond to the OSC on or before April 20, 2009. Plaintiff has not filed any response to the OSC. Therefore, the Court will dismiss this case after Magistrate Judge Major rules upon Defendants' motion for sanctions filed on February 12, 2009. The Court **VACATES** the April 29, 2009 hearing on the Order to Show Cause why this case should not be remanded for lack of diversity jurisdiction.

The Court **DENIES** Defendants' motion for monetary sanctions filed on April 17, 2009. In that motion, Defendants seek monetary sanctions pursuant to the Court's inherent authority. Defendants seek attorney's fees and costs incurred since June 3, 2008, arguing that Plaintiff's failure to respond to discovery on June 3, 2008 signaled the end of its intention to comply with Rules of Civil Procedure or to prosecute this action.

A court has the inherent power to sanction a party if it acts in "willful disobedience of a court order," acts "in bad faith, vexatiously, wantonly, or for oppressive reasons," or engages in "willful abuse of the judicial processes." Gomez v. Vernon, 255 F.3d 1118, 1134

(9th Cir. 2001) (quoting Roadway Express, Inc. v. Piper, 447 U.S. 752, 766 (1980)). Inherent-power sanctions must be preceded by a finding of bad faith, or conduct tantamount to bad faith. Fink v. Gomez, 239 F.3d 989, 993 (9th Cir. 2001). Recklessness, in and of itself, does not justify the imposition of sanctions; sanctions are only available when recklessness is "combined with an additional factor such as frivolousness, harassment, or an improper purpose." Id. at 994.

To the extent that Defendants' motion for monetary sanctions is based on Plaintiff's failure to produce documents, Defendants' motion is duplicative of the motion for sanctions that is pending before Magistrate Judge Major. Magistrate Judge Major will determine whether any sanctions are warranted for Plaintiff's alleged failure to provide documents and failure to comply with Magistrate Judge Major's discovery order.

Defendants also seek sanctions on the theory that "Plaintiff's failure to properly respond to discovery on June 3, 2008 signaled the end of its intention to comply with the Rules of Civil Procedure or prosecute this action. Plaintiff should have dismissed its lawsuit at that time rather than persisting on and forcing Defendant to accrue additional litigation expenses." Although Plaintiff clearly is no longer prosecuting this action, Defendants have not produced evidence that Plaintiff knew as early as June 3, 2008 that it no longer wanted to pursue the case but nevertheless acted like it was going forward to force Defendant to continue to litigate the case and incur unnecessary costs.

Based on the record before the Court, Plaintiff stopped communicating with its attorney toward the end of 2008  In his motion to withdraw as Plaintiff's attorney, Michael Rogers, Esq. explained that for the 2-3 months prior to the filing of his motion, Plaintiff had not been responding to his phone calls or e-mails. In an order filed on February 20, 2009, the Court granted Mr. Rogers' motion to withdraw as attorney and gave Plaintiff until March 27, 2009 to retain a new attorney. Plaintiff did not retain a new attorney by March 7, 2009, resulting in the Court's Order to Show Cause why this case should not be dismissed for failure to prosecute.

Although, for whatever reason, Plaintiff is no longer prosecuting this case, there is no

evidence that Plaintiff's failure to do so is in bad faith or for the improper purpose of causing Defendants to incur unnecessary litigation costs. Therefore, Defendants' motion for monetary sanctions [Docket # 76] is **DENIED**.

**IT IS SO ORDERED.**

DATED: April 23, 2009

Honorable Barry Ted Moskowitz
United States District Judge